J-A18033-25                    2026 PA Super 37

| | | |
|---|---|---|
| LIBERTY PROPERTY LIMITED PARTNERSHIP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 2947 EDA 2024 |
| KENDALL HEATON ASSOCIATES, INC., BALA CONSULTING ENGINEERS, INC., F+P ARCHITECTS NEW YORK, INC., ROTTET STUDIO, LLC AND ROTTET ARCHITECTURE AND DESIGN STUDIO NY, PLLC, METROPOLITAN ACOUSTICS, LLC, TILLOTSON DESIGN ASSOCIATES, INC. | : | |

Appeal from the Order Entered October 17, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210901337

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

DISSENTING OPINION BY DUBOW, J.:          **FILED FEBRUARY 27, 2026**

Because I disagree with the Majority's conclusion that a provision excluding latent defects from the types of claims resolved by the oral settlement agreement was merely an "additional term Liberty attempted to assert into the oral settlement agreement"[1] and that the parties had reached an agreement on the terms of the settlement agreement, I respectfully dissent.  For the following reasons, I would instead hold that the parties had not reached an agreement as to a material term, *i.e.*, the scope of the release

---

[1] Majority Op. at 11.

Liberty would give to Appellees, and, thus, the oral settlement agreement the parties reached at the conclusion of the January 27, 2022 mediation was unenforceable.

The trial court record reflects, and the parties do not dispute, that, following the January 27, 2022 mediation, the parties intended to enter into a written settlement agreement, but that they did not, in fact, do so. There is no evidence in the record to suggest that the parties intended to resolve the issues among them, including the scope of a release, through an oral agreement. Notwithstanding the parties' intent, however, in granting Appellees' motion to enforce the settlement agreement, the court enforced purported oral agreement to settle.

This Court has held that that oral settlement agreements are enforceable when the parties have failed to execute a written agreement **only** if the parties have agreed on the essential terms of the agreement. *See Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 783 (Pa. Super. 2006). Here, the record reflects that the parties had not agreed on the scope of a release of liability for latent defects, which is a material term.

The undisputed evidence shows that, following the January 27, 2022 mediation session, the parties exchanged numerous emails attached to which were various drafts of a written settlement agreement. This course of conduct reiterates the parties' implied intent to enter into a written settlement agreement and demonstrates that the parties were engaging in a pattern of ongoing negotiations over the still-unsettled material terms of the agreement.

Accordingly, given the absence of an executed written settlement agreement and the evidence of a monthslong period of negotiation of the material terms of the agreement, I would conclude that the trial court erred in finding that the parties had a meeting of the minds as to all material terms and, therefore, that an enforceable oral settlement agreement existed.